F I L E D
United States Court of Appeals
Tenth Circuit

JUN 15 1999

PATRICK FISHER
Clerk

**UNITED STATES COURT OF APPEALS**

**TENH CIRCUIT**

UNITED STATES OF AMERICA,

     Plaintiff - Appellee,

v.

GILBERT SANCHEZ,

     Defendant - Appellant.

No. 98-1415
(D.C. No. 98-CR-104-N)
(District of Colorado)

**ORDER AND JUDGMENT**[*]

Before **BRORBY**, **EBEL** and **LUCERO**, Circuit Judges.

Gilbert Sanchez appeals the sentence he received following his guilty plea

to charges that he conspired to possess with intent to distribute cocaine, in

violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B), and 846. Sanchez's attorney

has determined that Sanchez's appeal is wholly frivolous. She has therefore filed

both a motion to withdraw as attorney of record and a corresponding Anders brief

outlining Sanchez's apparent grounds for appeal. See Anders v. California, 386

---

[*]The case is unanimously ordered submitted without oral argument pursuant to
Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). This order and judgment is not
binding precedent, except under the doctrines of law of the case, res judicata, and
collateral estoppel. The court generally disfavors the citation of orders and judgments;
nevertheless, an order and judgment may be cited under the terms and conditions of 10th
Cir. R. 36.3.

U.S. 738, 744 (1967). <u>Anders</u> requires that such a brief must refer to "anything in the record that might arguably support the appeal." <u>Id.</u> Consistent with this requirement, counsel informs us that appellant wishes to allege that the district court misapplied the sentencing guidelines in determining his sentence, in violation of 18 U.S.C. § 3742(a).

A copy of counsel's brief was furnished to Sanchez, and he was given the opportunity to respond or to raise any additional points. He has not done so. Based on our own independent examination of the proceedings, we conclude that Sanchez's claim is wholly without merit. Exercising jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742, we grant counsel's motion to withdraw and affirm Sanchez's conviction.

Our review of federal sentences under 18 U.S.C. § 3742(a) is limited to whether a sentence (1) was imposed in violation of law; (2) was imposed as a result of an incorrect application of the sentencing guidelines; or (3) is greater than the sentence specified in the applicable guideline range or plea agreement. <u>See</u> 18 U.S.C. § 3742(a)(1)-(3).

Pursuant to U.S.S.G. § 2D1.1, the applicable sentencing guideline, the base offense level for Sanchez's convictions under 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B), and 846, involving approximately 271 grams of powder cocaine, is twenty. <u>See</u> U.S.S.G. § 2D1.1(c)(10). Appellant's offense level was reduced

three points due to his acceptance of responsibility. His criminal history score of four, based upon his prior felony conviction and the fact that he was on probation at the time of the offense, placed him in criminal history category III.

Based on his total offense level and criminal history category, his guideline range of imprisonment was 30-37 months. Sanchez's sentence of thirty-seven months was within that guideline range. Furthermore, our review of the record persuades us that the sentence was imposed in accordance with the applicable law and was a correct application of the sentencing guidelines.

**AFFIRMED.** Counsel's request to withdraw is **GRANTED** .

The mandate shall issue forthwith.

ENTERED FOR THE COURT


Carlos F. Lucero
Circuit Judge